Conway B, J. This was an action of debt instituted in the Pulaski circuit court on an injunction bond. The defendants demurred to the declaration; the demurrer was sustained and plain till’* declining to amend final, judgment was rendered against him, and he has brought the case into this court by writ of error. The statute respecting injunctions provides that no injunction shall be issued in any case until the complainant execute bond with security to the adverse party &c. The judgment enjoined was in the name of Isham Harrell for the use of James A. Scott, theplain-tiff in this suit. The bond sued on was executed to Isham Harrell and James A. Scott. It is contended by the defendants that it should have been given to Scott alone and that Harrell’s being joined as an obligee makes the bond a nullity. We do not think so. It is true, Harrell was only a nominal party, and Scott was the beneficiary, as well as the person liable for the payment of costs; but in fact it took both Harrell and Scott to constitute the adverse party. If the bond had been executed to Scott alone, it might have been valid, but surely not more in exact compliance with the statute. In truth, the letter of. the law would have required the bond to be given to Harrell for the use of Scott. But a literal compliance with its requisitions was not necessary to the validity of the bond. The object of the statute being simply to compel complainant to secure from loss or damage the party against whom he obtains an injunction, and the question is, was that the intention of the parties when this bond-was executed? It most assuredly was; for upon its execution the injunction issued, and its benefits were realized and enjoyed until the cause finally was lost by complainant. It would then be hard indeed if Scott, after being so long delayed of his just rights, should be defeated of his intended indemnity by some mere technicality or inadvertence. From the justice and reason of the thing, as well as all of the authorities cited by counsel, we are clearly of the opinion that the objection raised should not defeat the validity of the bond. The judgment is therefore reversed.